**LAW OFFICES OF**
**EDWARD B. CHATOIAN**
2607 Fresno Street
Fresno, California 93721
TELEPHONE (559) 485-0101
FAX (559) 485-7643

EDWARD B. CHATOIAN II #63957

Attorneys for Plaintiffs
KATHY M. MARTIN
DANNY MARTIN

## UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

* * * * *

| | |
|---|---|
| KATHY M. MARTIN, DANNY MARTIN, ) | Case No. |
| ) | |
| Plaintiff, ) | COMPLAINT FOR DAMAGES; |
| ) | DEMAND FOR JURY TRIAL |
| vs. ) | |
| ) | |
| UNITED STATES OF AMERICA and DOES ) | |
| 1 through 25, ) | |
| ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiffs KATHY M. MARTIN and DANNY MARTIN for their complaint against

Defendant UNITED STATES OF AMERICA and DOES 1 through 25 allege as follows:

**JURISDICTION AND VENUE**

1.      This Court has exclusive jurisdiction under 28 U.S.C. §1346(b) because the

action arises from a claim against the United States of America for money damages for personal

injury by the negligent or wrongful act or omission of an employee of the United States of

America while acting within the scope of his office or employment;

2.      This Court has personal jurisdiction over Plaintiffs are they are residents of

the State of California and within the Eastern District of California;

///

///

3.     Venue is this Court is proper pursuant to 28 U.S.C. §1391(b)(2) and (e)(1)(B) because a substantial part of the events or omissions giving rise to this claim occurred in this judicial district;

4.     Venue in this Court is also proper pursuant to 28 U.S.C. §1402(b) because the United States of America is a Defendant herein and the Plaintiffs reside in and the acts or omissions complained of occurred in this judicial district;

## THE PARTIES

5.     Plaintiff KATHY M. MARTIN is an individual residing in Raisin City, in the County of Fresno, State of California;

6.     Plaintiff DANNY MARTIN is an individual residing in Raisin City, in the County of Fresno, State of California;

7.     At all times mentioned herein and continuing to this day, Plaintiffs KATHY M. MARTIN and DANNY MARTIN were lawfully married;

8.     Plaintiffs are uninformed of the true names and capacities of defendants sued herein as DOES 1 through 25 and therefore sues these defendants by such fictitious names. Plaintiffs will amend this complaint to allege the DOE defendants' true names and capacities when ascertained. Plaintiffs are informed and believe and thereon allege that each of the fictitiously named defendants was the proximate and legal cause of the plaintiff's damages herein alleged and that the liability of said DOE defendants arises from the matters herein alleged;

9.     On or about October 20, 2015, Plaintiff KATHY M. MARTIN submitted to the United States Postal Service a claim for damage, injury or death on the Department of Justice's Standard Form 95.  The United States Postal Service denied the claim on or about May 11, 2016;

## INTRODUCTION

10.     The dispute herein relates to personal injuries stemming from Plaintiff KATHY M. MARTIN'S slip and fall at a United States Postal Service office in the County of Fresno, State of California.  The amount in controversy exceeds $75,000.00, not including interests and costs of court, due to the extent and severity of Plaintiff's injuries which required surgery and a lengthy recovery period;

# FIRST CAUSE OF ACTION

## Dangerous Condition of Public Property

## Plaintiff KATHY M. MARTIN against

## Defendants UNITED STATES OF AMERICA and DOE(S)

11.     Plaintiff KATHY M. MARTIN incorporates herein by reference paragraphs 1 through 10 above as though fully set forth here;

12.     Plaintiffs KATHY M. MARTIN and DANNY MARTIN rent a post office box in a United States Postal Service office located at 9221 S. Ormus Avenue in Raisin City, in the County of Fresno, State of California, zip code 93652 (hereinafter the "post office").  The post office sits at the intersection of South Ormus Avenue where it intersects with West Bowles Avenue.  This is an extremely rural area that lacks any street lighting;

13.     The post office entrance faces directly into the parking lot.  On either side of the entry doors, mounted high up on the wall, there is one, single bulb, light fixture.  There is wheelchair access located to the right of the entry doors (as you are facing them).  At this spot, there is a graduated height deviation on either side of the wheelchair access in the sidewalk;

14.     At the outer edge of the parking lot on the West Bowles side of the intersection, there is a single bulb lamp post at each end.  Each of these light fixtures sits in a planting bed with large trees in and around the light fixture;

15.     There is no other lighting at, near or around the post office;

16.     At approximately 5:30 p.m., Pacific Standard Time, on or about December 10, 2013, Plaintiff KATHY M. MARTIN arrived at the post office to pick up her mail.  The sun had set that day at approximately 4:50 p.m. and it was entirely dark by the time Plaintiff KATHY M. MARTIN arrived;

17.     Plaintiff KATHY M. MARTIN parked her vehicle in the parking lot and then began to make her way to the entry doors of the post office.  Plaintiff KATHY M. MARTIN was transversing the grounds near the wheelchair access in the sidewalk to the right of the entry doors (as you face them);

///

18.     The parking lot and the entry into the post office were dark with little to no illumination at the time Plaintiff KATHY M. MARTIN went to get her mail on December 10, 2013;

19.     When Plaintiff KATHY M. MARTIN reached the sidewalk in front of the entry doors, she tripped on the curbed, concrete, sidewalk and fell.  Plaintiff KATHY M. MARTIN could not distinguish the height deviation from the parking lot surface to the walkway in front of the entry doors as the lighting was inoperable or turned off;

20.     On or about December 11, 2013, Plaintiff KATHY M. MARTIN reported this incident to Stephie at the post office.  Stephie represented to Plaintiff KATHY M. MARTIN that she would notify her boss in the Caruthers, California, postal office.  Thereafter, Plaintiff KATHY M. MARTIN drove straightaway to the Caruthers, California, postal office to report the incident.  She was advised she could not file an accident report but some information was taken and later a representative of the United States Postal Service contacted her and asked for a letter in writing explaining the incident;

21.     At the time of the incident, Defendant UNITED STATES OF AMERICA owned and/or controlled the building and property on which the post office is located.  Defendant UNITED STATES OF AMERICA, at the time of the incident, had exclusive use of the post office parking lot and building to conduct it's business.  No other entity or person was authorized to conduct a business in this location.  At the time of the incident Defendant UNITED STATES OF AMERICA had the power to direct, manage and regulate the conduct of all of it's employees and any other persons on the property, including, but not limited to, the power to direct it's employees to inspect, maintain and repair the light fixtures and tree overgrowth on the property and erect warning signs.  Prior to and at the time of the incident, Defendant UNITED STATES OF AMERICA was in a position to protect against and warn of the hazardous conditions but did not do so;

///

///

///

4

22.    At the time of the incident, Plaintiff KATHY M. MARTIN was on the property as a business invitee permitted to enter or remain on the property for a direct purpose connected with business dealings between she and her husband and Defendants, i.e., the rental of a post office box for the receipt of their personal mail for which they paid a monthly fee to Defendant UNITED STATES OF AMERICA.  Defendant UNITED STATES OF AMERICA and it's employees owed a special, non-delegable, duty to maintain the building and parking lot in a reasonable and safe condition to prevent injury or harm to Plaintiff KATHY M. MARTIN and members of the common public;

23.    The property was in a dangerous condition at the time of Plaintiff KATHY M. MARTIN's incident.  The light fixture on the wall to the right of the entry doors (as you are facing them) was not producing light either due to it being turned off, having a burned out light bulb or a fixture that was malfunctioning due to poor maintenance or bad electrical wiring.  The light fixture to the left of the entry doors (as you are facing them) was mounted high up on the wall such that the light it produced did not reach the ground level area to the right of the entry doors where Plaintiff KATHY M. MARTIN was at the time of her fall.  The two lamp posts at the edge of the parking lot were completely obscured by the overgrowth of trees and, therefore, did not provide light to illuminate the parking lot and entrance to the post office.  These conditions created a substantial risk of injury.  The result was that the parking lot and entrance to the post office were unlit and Plaintiff KATHY M. MARTIN was unable to distinguish the height deviation from the parking lot surface to the sidewalk in front of the entryway causing her to fall.  Plaintiff KATHY M. MARTIN was exercising due care at the time of the injury and using the property in a manner in which it was reasonably foreseeable that it would be used;

24.    At the time of the incident, the plan and/or design of the postal office had become dangerous because of the change of the physical conditions on the property including, but not limited to, the overgrowth of trees to such an extent that they completely obscured the two lamp posts;

///

///

5

25.     This dangerous condition created a reasonably foreseeable risk of the kind of injury that Plaintiff sustained, i.e., a trip and fall at nighttime due to the height deviation from the parking lot surface to the sidewalk in front of the entryway which was unlit as a result of Defendant UNITED STATES OF AMERICA's failure to properly maintain the lighting;

26.     This dangerous condition was created by the negligent and/or wrongful conduct of one or more employees of Defendant UNITED STATES OF AMERICA acting within the scope of his/her employment.  Specifically, one or more employees responsible for maintaining the light fixtures and/or electrical wiring on the entryway wall of the post office failed to ensure that the light bulbs were in working order, failed to change a burned out light bulb, failed to adequately inspect the light fixtures, failed to adequately inspect the electrical wiring, failed to ensure the fixtures were in proper working order, failed to ensure the electrical wiring was in proper working order, failed to make necessary repairs to the fixtures or change them out for new, properly functioning, fixtures and/or failed to replace faulty electrical wiring.  Alternatively, one or more employees failed to turn on the lights and/or turned the lights off.  Further, one or more employees of Defendant UNITED STATES OF AMERICA acting within the scope of his/her employment failed to maintain and control the vegetation growing in the planting area at the edge of the parking lot on the West Boyles side of the intersection.  Specifically, trees within this area were not maintained and were allow to overgrow so much so that they grew taller than the lamp posts and the branches grew outward so far that they covered up the light fixtures on the posts. The overgrowth of these trees completely obscured any light produced by the lamp posts.  These acts and omissions on the part of employees of Defendant UNITED STATES OF AMERICA were not the result of the exercise of any discretionary function vested in him/her/them.  Plaintiff is not aware of the identity of said employees, but alleges on information and belief that Defendant UNITED STATES OF AMERICA is aware of the identity of said employees.  Discovery in this matter will identify those employees of Defendant UNITED STATES OF AMERICA whose acts or omissions led to the creation of dangerous conditions and ultimately to Plaintiff KATHY M. MARTIN's injuries and damages herein;

///

27.     Defendant UNITED STATES OF AMERICA and it's employees had actual and/or constructive notice of these dangerous conditions for a long enough period of time to have protected against them.  Employees of Defendant UNITED STATES OF AMERICA had to transverse the same areas as Plaintiff KATHY M. MARTIN did on the day of the incident and had to do so at nighttime as Plaintiff KATHY M. MARTIN.  In order to get to and from the employee parking area, the employees had to drive past both the front entrance and the edge of the parking lot.  Therefore, said employees had to have or should have noticed the burned out, turned off or improperly functioning light fixture in the post office entryway and the overgrown trees at the edge of the parking lot obscuring any light produced by the lamp posts.  Additionally, the overgrowth of the trees at the edge of the parking lot did not occur overnight and their condition on the night of the incident took months, if not years, to get to;

28.     Defendant UNITED STATES OF AMERICA had a reasonable time to obtain funds and carry out the necessary remedial work to bring the post office building and property back into conformity with a reasonable design or plan.  Even assuming, arguendo, that Defendant UNITED STATES OF AMERICA was unable to remedy the condition due to practical impossibility or lack of funds, it had the ability to provide adequate warnings but failed to reasonably attempt to provide such warnings.  Instead, Defendant UNITED STATES OF AMERICA requested that Plaintiff KATHY M. MARTIN enter the post office through a specific entry by a route which it knew would be dangerous and defective and it failed to warn her of the dangerous condition.  Defendant UNITED STATES OF AMERICA had knowledge that Plaintiff would be entering the post office through this particular entry;

29.     Plaintiff KATHY M. MARTIN was harmed by the acts and/or omissions of the employees of Defendant UNITED STATES OF AMERICA.  Plaintiff KATHY M. MARTIN fell hard onto the concrete ground.  She lost consciousness for approximately 10 to 15 minutes.  Thereafter, she was taken to the hospital.  Plaintiff suffered a fractured right cheekbone as well as injuries to the head, neck, face, shoulders and ribs as a result of this fall.  She also suffered physical pain, nervous suffering and mental anguish.  The fall also exacerbated prior injuries she had to the right elbow and right shoulder, requiring her to undergo surgery.  Plaintiff KATHY M.

1    MARTIN alleges that all of these injuries will result in some future permanent disability, all to her

2    damage in an amount to be proven at trial;

3            30.    As a further, direct and proximate result of the dangerous condition,

4    Plaintiff KATHY M. MARTIN has suffered and will suffer in the future, loss of earnings and

5    earning capacity, the exact amount of which is unknown to Plaintiff at this time, all to her further

6    damage in an amount to be proven at the time of trial;

7            31.    The dangerous condition produced by the non-functioning light fixture on

8    the entryway wall of the post office was a substantial factor in causing the harm suffered by

9    Plaintiff KATHY M. MARTIN.  At all times relevant hereto, Plaintiff KATHY M. MARTIN

10   acted as a reasonably prudent person would under the same or similar circumstances;

11           32.    The dangerous condition produced by the overgrowth of trees obscuring all

12   light produced by the lamp posts at either edge of the parking lot was a substantial factor in

13   causing the harm suffered by Plaintiff KATHY M. MARTIN;

**SECOND CAUSE OF ACTION**

**Premises Liability**

**<u>Plaintiff KATHY M. MARTIN against Defendants DOES 1 through 25</u>**

17           33.    Plaintiff KATHY M. MARTIN incorporates herein by reference paragraphs

18   1 through 32 above as though fully set forth here;

19           34.    Defendant DOE(s) owned the building and/or property on which the post

20   office is located, including the parking lot.  Defendant DOE(s) was under a non-delegable duty to

21   exercise ordinary care in the management of such premises, to use reasonable care to periodically

22   inspect and discover any unsafe conditions and to repair, replace, or give adequate warning of

23   anything that could be reasonably expected to expose persons to an unreasonable risk of harm;

24           35.    Defendant DOE(s) were negligent in the maintenance of the property, as a

25   condition on the property created an unreasonable risk of harm.  Specifically, he/she/it/they

26   allowed the exterior lighting to fall into disrepair such that it was not working.  Further, Defendant

27   DOE(s) allowed the vegetation and specifically the trees to become overgrown so much so that the

28   trees were taller than the lamp posts and the branches reached outward so far as to completely

1   obscure all illumination produced by the lamp posts.  This resulted in the property not being

2   illuminated at nighttime leading to Plaintiff KATHY M. MARTIN's inability to distinguish the

3   height deviation between the parking lot surface and the walkway in front of the post office

4   entrance;

5           36.   Defendant DOE(s) knew, or through the exercise of reasonable care, should

6   have known about the dangerous conditions on the property.  The hazardous conditions present on

7   the property at the time of Plaintiff KATHY M. MARTIN's injuries were foreseeable and through

8   the exercise of reasonable care could have been discovered and remedied by DOE(s);

9           37.   Defendant DOE(s) failed to repair the condition, protect against harm from

10  the condition, or give adequate warning of the condition.

11          38.   Plaintiff KATHY M. MARTIN was harmed by Defendant DOE(s)'s failure

12  to maintain the property.  Plaintiff KATHY M. MARTIN fell hard onto the concrete ground.  She

13  lost consciousness for approximately 10 to 15 minutes.  Thereafter, she was taken to the hospital.

14  Plaintiff suffered a fractured right cheekbone as well as injuries to the head, neck, face, shoulders

15  and ribs as a result of this fall.  She also suffered physical pain, nervous suffering and mental

16  anguish.  The fall also exacerbated prior injuries she had to the right elbow and right shoulder,

17  requiring her to undergo surgery.  Plaintiff KATHY M. MARTIN alleges that all of these injuries

18  will result in some future permanent disability, all to her damage in an amount to be proven at

19  trial;

20          39.   As a further, direct and proximate result, Plaintiff KATHY M. MARTIN

21  has suffered and will suffer in the future, loss of earnings and earning capacity, the exact amount

22  of which is unknown to Plaintiff at this time, all to her further damage in an amount to be proven

23  at the time of trial;

24          40.   Defendant DOE(s)'s negligent maintenance of the property was a

25  substantial factor in causing Plaintiff's harm;

26  ///

27  ///

28  ///

**THIRD CAUSE OF ACTION**

**Loss of Consortium**

**Plaintiff DANNY MARTIN Against**

**<u>Defendants UNITED STATES OF AMERICA and DOES 1 through 25</u>**

41.　Plaintiff DANNY MARTIN incorporates herein by reference paragraphs 1 through 40 above as though fully set forth here;

42.　Plaintiffs KATHY M. MARTIN and DANNY MARTIN were validly and lawfully married at all times relevant hereto, and remain married at this time;

43.　Plaintiff DANNY MARTIN alleges that these Defendants, and each of them, were the legal and/or proximate cause of physical injuries and damages to his wife Plaintiff KATHY M. MARTIN;

44.　As a direct and proximate result of these Defendants' negligence, carelessness and recklessness, Plaintiff DANNY MARTIN was deprived of the services of his wife by reason of her inability to carry on her usual duties as a wife, which include, but are not limited to, the loss of love, companionship, comfort, care, assistance, protection, affection, society and moral support.  Plaintiff DANNY MARTIN is informed and believes and thereon alleges that Plaintiff KATHY M. MARTIN is now permanently disabled as a result of her residual damages. Plaintiff DANNY MARTIN is informed and believes and thereon alleges that he is reasonably certain to suffer future harm as well;

**<u>DEMAND FOR JURY TRIAL</u>**

　　Plaintiffs KATHY M. MARTIN and DANNY MARTIN hereby demand trial by jury in this action.

///
///
///
///
///
///

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs KATHY M. MARTIN and DANNY MARTIN pray for judgment against Defendants as follows:

        1.      For compensatory and general damages in an amount according to proof;

        2.      For statutory costs;

        3.      For prejudgment and post-judgment interest according to any applicable provision of law, according to proof;

        4.      For such other and further relief as the Court deems just and proper

Dated:  November 4, 2016

LAW OFFICES OF EDWARD B. CHATOIAN

By
        EDWARD B. CHATOIAN II
        Attorneys for Plaintiffs
        KATHY M. MARTIN
        DANNY MARTIN